STATE OF NEBRASKA, APPELLEE, V.
TERRY A. BROWN, APPELLANT.
693 N.W.2d 559

Filed February 22, 2005.   No. A-03-1339.

David L. Kimble, Seward County Public Defender, for appellant.

Jon Bruning, Attorney General, and Jeffrey J. Lux for appellee.

IRWIN, Chief Judge, and MOORE and CASSEL, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Terry A. Brown appeals from an order of the district court which affirmed Brown's county court convictions on charges of driving under the influence (DUI) and having an "open container." Brown asserts on appeal that the lower courts erred in not finding that statements he made to law enforcement should have been suppressed because he was not advised of his *Miranda* rights. Because we find that Brown was not in custody for purposes of *Miranda* when the statements were made, we affirm.

## II. BACKGROUND

On December 9, 2002, Officer Craig Shook of the Seward Police Department was dispatched to the scene of an automobile accident. When he arrived at the scene, Officer Shook observed a vehicle in the ditch. Officer Shook observed five people at the

scene, but determined that only one, Brown, had been involved in the accident.

When Officer Shook arrived, he observed Brown "walking away from the vehicle out of the ditch and . . . noticed that [Brown] was having a hard time keeping his balance." Then, as Brown approached, Officer Shook "could see that [Brown] had . . . very watery, bloodshot eyes and [Officer Shook] immediately smelled the odor of an alcoholic beverage coming from [Brown's] person." Officer Shook asked Brown whether he had been the driver of the vehicle, to which Brown responded affirmatively. Officer Shook asked how the accident had happened, to which Brown responded that "he was driving . . . and he was eating a sandwich" and that "he was attempting to pull off onto [another road] and miscalculated the road and went in the ditch." Finally, Officer Shook asked Brown whether he had been consuming alcohol that night, to which Brown responded that he had had "a few beers." After having Brown perform field sobriety tests and submit to a preliminary breath test, Officer Shook arrested Brown. A blood test later revealed that Brown's blood alcohol content was .144.

On December 16, 2002, a complaint was filed in county court charging Brown with DUI and having an open container. On January 24, 2003, Brown filed a motion captioned "Motion for Jackson v. Denno Hearing," challenging the admissibility of statements he made to Officer Shook, and a motion to suppress physical evidence. On February 26, the county court overruled the motions. On May 28, the county court found Brown guilty on both counts. On August 6, Brown was sentenced.

Brown appealed the convictions and sentences to the district court. On October 31, 2003, the district court affirmed Brown's convictions. The district court found that Brown had not been in custody at the time of his statements to Officer Shook. The district court noted plain error concerning the sentence imposed for DUI, and modified that sentence. This appeal followed.

### III. ASSIGNMENT OF ERROR

On appeal, Brown asserts that the lower courts erred in not finding that his statements should have been suppressed because he was not advised of his *Miranda* rights.

## IV. ANALYSIS

### 1. "JACKSON V. DENNO" AND SUPPRESSION

We initially note that both at the trial stage and on appeal to this court, Brown has couched his challenge to the admissibility of his statements to Officer Shook as a "Jackson v. Denno" challenge. See *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). Brown did not allege that his statements were involuntary, and he did not separately file a motion to suppress the statements on the basis that *Miranda* warnings were not given. See *State v. Jones*, 6 Neb. App. 647, 577 N.W.2d 302 (1998). Nonetheless, it is apparent from the record that Brown's challenge to the statements has consistently been that they are inadmissible because he was not advised of his *Miranda* rights, and we will proceed to ascertain the merits of Brown's assertion.

### 2. STANDARD OF REVIEW

A trial court's ruling on a motion to suppress evidence, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. *State v. Petersen*, 12 Neb. App. 445, 676 N.W.2d 65 (2004). When reviewing a district court's determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search, ultimate determinations of reasonable suspicion and probable cause are reviewed de novo and findings of fact are reviewed for clear error, giving due weight to inferences drawn from those facts by the trial judge. *Id.* When reviewing a trial court's ruling on a motion to suppress evidence, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *Id.*

### 3. *MIRANDA* RIGHTS

Brown asserts that the lower courts erred in finding that he was not in custody under the guidelines of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and entitled to be warned of his *Miranda* rights before any statements he made would be admissible. The lower courts found that Brown was not

in custody under *Miranda.* We agree with the lower courts and find no merit to Brown's assertions on appeal.

In *Berkemer v. McCarty,* 468 U.S. 420, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984), an officer noticed the defendant's car weaving in and out of its traffic lane. After stopping the defendant, who exhibited trouble standing, the officer concluded that the defendant would be arrested for a traffic violation. The defendant was also required to perform field sobriety tests and was questioned regarding his use of intoxicants.

The *Berkemer* Court held that roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute custodial interrogation subject to the dictates of *Miranda.* The Court reasoned that even though a motorist is detained pursuant to a traffic stop, there must be some further action or treatment by the police to render the motorist " 'in custody' " and entitled to *Miranda* warnings. *Berkemer,* 468 U.S. at 440. The *Berkemer* Court noted that there are two features of an ordinary traffic stop that mitigate the danger that a person's free exercise of the privilege against self-incrimination would be impaired. First, a traffic stop is presumptively brief, with the motorist generally obliged to answer a few questions and to wait while the officer checks the motorist's license and registration. Second, circumstances surrounding the typical traffic stop are not such that the motorist feels completely at the mercy of the police. Most important, such a stop is public, subject to witness by passersby. In addition, a detained motorist is typically confronted by only one or two police officers.

The Nebraska Supreme Court has adopted the holding of *Berkemer* in *State v. Holman,* 221 Neb. 730, 380 N.W.2d 304 (1986), a case in which the defendant was stopped by a police officer after she ran two stop signs. The officer could see four new truck tires in the open trunk of the defendant's vehicle. While the defendant sat in her vehicle, she gave the officer her license and registration and was asked about the ownership of the tires. The officer asked the defendant to step out of her vehicle and then placed her in his cruiser while he ran a check of her driver's history, her registration, and her background for warrants. Under questioning by the officer, the defendant repeatedly denied that the tires were hers, although she claimed she knew who owned them.

The defendant was arrested after the routine checks revealed that there was an outstanding warrant for her arrest and that her driver's license had been suspended. The defendant was later charged with theft of the tires. She sought to suppress her statements regarding the tires as violative of her right against self-incrimination.

The Nebraska Supreme Court stated that upon stopping a vehicle for a traffic violation, it is lawful to detain the driver while checking the registration and the license of the driver. *Holman, supra.* Because the facts in *Holman* did not indicate that there had been some further action or treatment by the police officer to render the driver " 'in custody,' " the defendant's statements were held to be admissible. 221 Neb. at 736, 380 N.W.2d at 309.

Although the facts of the instant case are slightly different from the facts in *Berkemer v. McCarty*, 468 U.S. 420, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984), and *Holman, supra*, most notably because Brown was outside his vehicle when he was contacted by police and the questioning occurred on the street rather than the more typical situation in which the driver remains inside the vehicle after being pulled over by police, we do not find that the factual distinctions suggest a different outcome. We fail to see that the fact that Brown had already stepped outside of the vehicle by the time Officer Shook arrived and approached him can be seen to transform this case into anything legally distinguishable from a routine traffic stop investigation. To the contrary, under the analysis in *Berkemer*, the fact that Brown's encounter with Officer Shook was even more public than the usual traffic stop favors the State's position that no *Miranda* warnings were required. We also do not find the fact that Officer Shook testified that Brown was not free to leave to be determinative. See, e.g., *State v. Vermuele*, 234 Neb. 973, 453 N.W.2d 441 (1990) (validity of arrest is based upon objective existence of probable cause, not officer's subjective belief or knowledge).

The facts in this case do not justify Brown's contention that his admissions to Officer Shook should have been suppressed. Upon arriving at the scene of a single-vehicle accident, Officer Shook observed Brown walking away from the vehicle, wobbly and stumbling, and asked Brown whether he had been the driver and whether he had been drinking. The record does not show any further action or treatment by the police to render Brown "in

custody" and entitled to *Miranda* warnings. We therefore conclude that the lower courts did not err in ruling that Brown's statements need not be suppressed.

## V. CONCLUSION

We conclude that the lower courts did not err in ruling that Brown's statements need not be suppressed. Brown was not "in custody" for purposes of *Miranda* rights. The judgment of the district court is affirmed.

AFFIRMED.